**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

# FILED

FEB - 9 2012

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

| | |
|---|---|
| HARRY EDWIN MILES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No. **12 0218** |
| | ) |
| UNITED STATES ATTORNEY GENERAL | ) |
| ERIC HOLDER, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## MEMORANDUM OPINION

This matter is before the Court on plaintiff's application to proceed *in forma pauperis* and his *pro se* complaint. The Court will grant the application and dismiss the complaint.

Plaintiff is a federal prisoner who is serving a 360-month prison sentence upon his conviction in the United States District Court for the Central District of Illinois for drug offenses. *See* Judgment in a Criminal Case, *United States v. Miles*, No. 05-40051 (C.D. Ill. filed June 6, 2006). He opines that "H.R. 3190, Public Law 80-772, Title 18 United States Code[] is invalid, unenforceable and void ab initio" because the bill was not passed by "both Houses of Congress as mandated by the Constitution for the United States." Compl. at 2-3. Rather, "no quorum [was] in place when the bill was voted on by the House of Representatives, [or] when signed by the Speaker of the House and the President pro tempore of the Senate." *Id.* at 3. Presumably in reliance on the provision of Title 18 which grants to "[t]he district courts of the United States . . . original jurisdiction . . . of all offenses against the laws of the United States," 18 U.S.C. § 3231, plaintiff contends that his "indictment and conviction can not [sic] be upheld, and the court has

*N*

*3*

only one choice, to order dismissal of [plaintiff's] indictment and conviction ab initio." Compl.
at 17.

Among other relief, plaintiff demands that the Court order the Attorney General "to
answer the legal question asked of him," Compl. at 20, regarding the constitutionality of Public
Law 80-772, *see* Compl. at 10-11. He thus appears to demand a petition for a writ of mandamus
under 28 U.S.C. § 1361. *See* Compl. at 6. Absent from plaintiff's submission is any showing
that he "has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no
other adequate remedy available to plaintiff." *Council of and for the Blind of Delaware County
Valley v. Regan*, 709 F.2d 1521, 1533 (D.C. Cir. 1983) (en banc).

It appears instead that plaintiff does have a means by which to challenge the
constitutionality of the criminal statute under which he was convicted: he may file a motion
under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. *See Taylor v. U.S. Bd. of
Parole*, 194 F.2d 882, 883 (D.C. Cir. 1952) (stating that an attack on the constitutionality of the
statute under which a defendant was convicted and sentenced is properly pursued by motion
under 28 U.S.C. § 2255). Such a motion must be filed in the court which imposed the sentence,
and the plaintiff may avoid this process only if the remedy is found to be inadequate or
ineffective. *See* 28 U.S.C. § 2255(e). It does not appear that this district is the appropriate forum
for adjudication of the claim, however, because plaintiff was tried, convicted, or sentenced
elsewhere.

An Order accompanies this Memorandum Opinion.

DATE: 2/7/12

United States District Judge